OPINION
This is an appeal from a judgment of the Court of Common Pleas of Montgomery County sustaining motions of the defendant, Allstate Indemnity Company, and the defendant, Integron Insurance Company, for summary judgment. Allstate filed its motion on October 26, 1999 and Integron followed with its own motion on November 19, 1999.
According to the facts, Thomas Cooper, a minor, was a passenger in a vehicle driven by one Robert Gradowski. While Mr. Gradowski was stopped at a stoplight, another vehicle driven by the defendant, Robert Iiams, stopped alongside the passenger side of Gradowski's vehicle. A verbal altercation ensued between Gradowski and Iiams at which time Iiams threw a beer bottle out of his driver's side window into the passenger side window of Gradowski's car. The beer bottle struck Thomas Cooper in the head causing injuries to him.
At the time of the incident, Mr. Iiams had automobile insurance with Allstate and the Cooper family had automobile insurance with Integron which included uninsured and underinsured motorist coverage.
In its motion for summary judgment, Allstate claimed that it was not liable for automobile coverage for Iiams, (1) because his conduct was intentional and criminal, and (2) because his actions did not arise out of the "ownership, maintenance, or operation" of his motor vehicle. On the other hand, Integron's motion claimed that it was not obligated to provide uninsured/underinsured motorist coverage because the injuries did not arise from the "ownership, maintenance or use" of a motor vehicle.
In this appeal, the appellants have set forth two assignments of error as follows:
 1. THE TRIAL COURT INCORRECTLY HELD THAT APPELLANTS WERE NOT ENTITLED TO UNINSURED MOTORIST COVERAGE FROM INTEGRON INSURANCE COMPANY OR TO LIABILITY COVERAGE PURSUANT TO ROBERT IIAMS' ALLSTATE INSURANCE AUTOMOBILE POLICY, BASED ON ITS FINDING THAT THE INCIDENT AT BAR DID NOT ARISE OUT OF THE OWNERSHIP, OPERATION, OR USE OF IIAM'S VEHICLE.
 2. THE TRIAL COURT INCORRECTLY HELD THAT APPELLANTS WERE NOT ENTITLED TO LIABILITY COVERAGE PURSUANT TO ROBERT IIAMS' ALLSTATE INSURANCE AUTOMOBILE POLICY BASED ON ITS FINDING THAT THE POLICY EXCLUDED COVERAGE FOR BODILY INJURY WHICH MAY REASONABLY BE EXPECTED TO RESULT FROM INTENTIONAL OR CRIMINAL ACTS.
The issues presented by the alleged errors were discussed at some length in the decision of the trial court, and this court has been unable to perceive any valid reason to depart from the comprehensive and learned analysis of the case by Judge Patrick J. Foley of the Court of Common Pleas. Particularly and with respect to the doctrine of stare decisis, we recognize the applicability of the case of Babb v. Grizzell (July 30, 1999), Montgomery App. No. 17551, unreported, discretionary appeal not allowed, (1999), 87 OS3d 1443, where this court considered facts which are remarkably similar to the facts of the present case.
Accordingly, both of the assignments of error must be overruled, and the judgment will be affirmed.
 ______________________ KERNS, J.
BROGAN, J., and FAIN, J., concur.
(Hon. Joseph D. Kerns, Retired from the Court of Appeals, Second Appellate District, Sitting by Assignment of the Chief Justice of the Supreme Court of Ohio).